### WILLIAM A. MONROE *versus* JAMES MATTHEWS.

A contract of guaranty, by which a debtor was, within a specified time, to pay a certain execution, "or cancel it in some other satisfactory way," or deliver to the officer certain property, will be construed to mean, that the cancellation shall be in a manner satisfactory to the creditor.

There being no ambiguity in the language employed, parol testimony cannot be admitted to prove that, at the time of making the contract, the officer having the execution consented to offset against it an execution in favor of the debtor and against the creditor, if one should be obtained and put in his hands within the time fixed for the performance of the contract.

It is no good ground of defence, to an action on the contract, that the officer refused to offset the executions. If his refusal was unjustifiable, the remedy, for the party injured, is against him.

REPORTED from *Nisi Prius,* by APPLETON, J., presiding.

This was an action on a contract of guaranty, dated March 27, 1851. The writ is dated the 3d day of September, 1852.

At. the October term, 1856, the parties agreed that the case should be reported to the full Court, exercising jury powers, to be determined upon so much of the evidence as was legally admissible.

From the report, it appears that *H. W. Cunningham*, a deputy sheriff, had in his hands, on the 27th day of March, 1851, for collection, an execution in favor of the plaintiff, against one William R. Matthews, who pointed out to the officer two wagons, as his property; that, instead of seizing the wagons to satisfy the execution, he took from the debtor in the execution a writing, and the defendant's guaranty of performance thereof, which are as follows:—

"Know all men by these presents, that I, William R. Matthews of Lincolnville, do this day mortgage, sell and deliver to William A. Monroe, two horse wagons, for the security of the payment of an execution in his favor, [execution described,] and the officer's fees taxed at one dollar, to be paid in thirty days, or cancelled in some other way.

"And I, the said William R. Matthews, do represent to said Monroe that I am the lawful owner and possessor of the said wagons, and that they are free from all incumbrances, and that I will pay said sums as above stated, or cancel the same in some other satisfactory way, or deliver said wagons at the office of H. W. Cunningham, in Belfast, within said thirty days.

"Now if the said William R. Matthews shall pay said mentioned sums, or cancel the same in any satisfactory way within said thirty days, or deliver the same to H. W. Cunningham's office within that time, then this obligation shall be void, otherwise shall remain in full force.

    (Signed)              "Wm. R. Matthews.

"Lincolnville, March 27, 1851."

"Waldo, ss. March 27, 1851. I, James Matthews, agree to be responsible if the obligation is not fulfilled as above stated, and that of the delivery of the same property free and clear of any incumbrances.

    (Signed)              "James Matthews."

The officer further testified that, on the 14th day of November following, he demanded of the defendant the wagons.

There was evidence that, within thirty days from the date of the contract, an execution in favor of said William R. Matthews, against the plaintiff, was put into the hands of the officer, with directions to offset it against the execution in his hands against said W. R. Matthews; which the officer declined to do, in consequence of a communication received by him, from the justice of the peace who issued the execution.

There was also testimony reported, tending to prove that, when the contract was made, it was understood that the said W. R. Matthews had recovered a judgment against the plaintiff; and that the officer engaged to offset the execution, that should be issued thereon and delivered to him within thirty days, against the execution then in his hands.

Testimony was introduced, subject to objection, tending to show that the judgment was wrongfully rendered, the magistrate being absent on the day to which the case was adjourned for further hearing; no other justice having, for that cause, continued the case, — if, under the provision of the statute in such case, another justice had authority to act.

At the law term in 1860, this cause was continued to be argued in writing. Briefs were afterwards furnished by

*Crosby*, for the plaintiff, and by

*Dickerson & Lewis*, for the defendant.

The opinion of the Court was drawn up by

RICE, J. — The defendant became responsible that one William R. Matthews should perform a certain contract, which he entered into with the plaintiff on the 27th day of March, 1851. The terms of the contract were, that the said William R. should pay within thirty days the amount of a certain execution with costs, or cancel said execution in some other satisfactory manner, or deliver certain wagons, referred to in the contract. He did neither, but put into the hands of the officer, who held the plaintiff's execution, referred to, an

execution which the defendant (W. R. Matthews) had obtained against the plaintiff, with orders for him to offset the executions. This the officer refused to do. Whether he was justified in that refusal we cannot now determine. If he was not, he will be responsible to William R. Matthews for neglect of duty. The cancellation, referred to, must be construed to be in a way satisfactory to the plaintiff. There is no ambiguity in the contract, and, it being in writing, cannot be varied or controlled by parol testimony.

According to the stipulations in the report, the defendant is to be defaulted for the amount of the plaintiff's execution, including costs and legal charges, with interest thereon.

*Defendant defaulted.*

TENNEY, C. J., APPLETON, CUTTING, MAY and KENT, JJ., concurred.